IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FRANKLYN K. JONES,                           *

    Plaintiff, *pro se*,                        *

v.                                           *       Civil No. RDB-20-1963

TWITTER, INC.,
                                             *

    Defendant.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiff Franklyn K. Jones ("Plaintiff" or "Jones"), proceeding *pro se*, brings a 15-Count Complaint against Defendant Twitter, Inc. ("Defendant" or "Twitter"), asserting a variety of allegations regarding Twitter's decision to permanently suspend Plaintiff's Twitter account for its violation of Twitter's policies against hateful conduct. Specifically, Plaintiff asserts: (1) defamation by way of libel; (2) tortious interference with existing contract; (3) aiding and abetting; (4) conspiracy; (5) ratification; (6) retraction; (7) violation of Section 230(c) of the Communications Decency Act, 47 U.S.C. § 230; (8) violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2511; (9) violation of Title II/III of the Civil Rights Act of 1964; (10) violation of Title VI of the Civil Rights Act of 1964; (11) violation of the Federal Trade Commission Act/Robinson-Patman Act; (12) conspiracy against rights, in violation of 18 U.S.C. § 241; (13) deprivation of rights under color of law, in violation of 18 U.S.C. § 242; (14) federally protected activities, in violation of 18 U.S.C. § 245; and (15)

violation of the Justice Against Sponsors of Terrorism Act ("JASTA")[1]. (Compl., ECF No. 1.)

Currently pending before this Court is Defendant's Motion to Dismiss. (ECF No. 20.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons that follow, Defendant's Motion to Dismiss (ECF No. 20) shall be GRANTED. Plaintiff's Complaint (ECF No. 1) will be DISMISSED WITH PREJUDICE in its entirety.

## BACKGROUND

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). The Court may consider only such sources outside the complaint that are, in effect, deemed to be part of the complaint, for example, documents incorporated into the complaint by reference and matters of which a court may take judicial notice. *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

Defendant Twitter is a social media platform provider. (Compl. ¶ 3, ECF No. 1.) Plaintiff Jones is a Twitter user who allegedly operated a Twitter account beginning in 2012 under the username "@boxoffrogs." (*Id.* ¶¶ 2, 4.) As a Twitter user, Jones agreed to Twitter's User Agreement. (*Id.* ¶ 35.) Twitter's User Agreement provides that a user "may not promote violence against, threaten, or harass other people on the basis of race, ethnicity, national origin,

---

[1] Plaintiff's claims are listed alphabetically, (a) – (o). For ease of reference, the Court has converted the letters to their corresponding number in the alphabet, (1) – (15).

2

sexual orientation, gender, gender identity, religious affiliation, age, disability, or serious disease." (*Terms of Service*, Twitter, https://twitter.com/en/tos; *see also Rules and Policies: Hateful conduct policy*, Twitter, https://help.twitter.com/en/rules-and-policies/hateful-conduct-policy[2].)  Further, Twitter does not "allow accounts whose primary purpose is inciting harm towards others on the basis of these categories." (*Id.*)

On June 19, 2020, Plaintiff received an email from Twitter informing him that his account, "@aboxoffrogs," had been suspended for violating Twitter's rules against hateful conduct.  (Compl. ¶¶ 9-11, ECF No. 1; Compl. Exhibit 1, ECF No. 1-2.)  The suspension related to a Tweet Plaintiff made that mentioned the Twitter accounts for Trevor Noah, a biracial late-night talk show host who was born in South Africa, and his late-night television program "The Daily Show with Trevor Noah." (*Id.*; Compl. ¶ 28.)  The Tweet allegedly "contains a nine or ten word sentence in addition to the two account names."  (Compl. ¶ 23.) Notably, Plaintiff does not, however, provide the specific contents of the offensive Tweet recognizing "the decorum of the Court and the deep sensitivity that these public persons and public entities now represent."  (*Id.* ¶ 24.)  On June 27, 2020, Twitter sent Plaintiff another email informing him that his account had been suspended and would not be restored "because

---

[2] The Court may properly consider the Terms of Service found in Twitter's User Agreement because they are explicitly incorporated by reference in Plaintiff's Complaint and Plaintiff does not challenge their authenticity.  (Compl. ¶ 35 ("Plaintiff had a valid contract known as 'the Terms of Service' in which the Plaintiff maintained his account for 8 years….").); *see Thompson v. Greene*, 427 F.3d 263, 268 (4th Cir. 2005) ("[T]he complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.").  In addition, the publicly available Terms of Service are subject to judicial notice.  *See Force v. Facebook, Inc.*, 934 F.3d 53, 59-60 n.5 (2d Cir. 2019) (court may consider publicly available online terms of service which were relied extensively upon in the Complaint and which were also subject to judicial notice).

it was found to be violating Twitter's Terms of Service, specifically the Twitter Rules against hateful conduct." (Compl. Exhibit 2, ECF No. 1-3.)

On July 1, 2020, Plaintiff Jones filed suit in this Court against Twitter. (Compl., ECF No. 1.) Plaintiff also filed a series of procedural motions, including a Motion to Allow Limited Jurisdictional Discovery (ECF No. 2), a Motion to Qualify or Establish Alternate Service of Process due to Evasion by a Publicly Traded Corporation and Third Failed Return (ECF No. 8), and a Motion to Qualify or Establish Alternate Service of Process Due to Evasion by a Public Traded Corporation and Request for Hearing (ECF No. 10). Twitter filed the presently pending Motion to Dismiss on August 31, 2020. (ECF No. 20.) On October 1, 2020, Twitter filed a Notice to the Court, advising this Court that it did not contest venue, personal jurisdiction, or service of process. (ECF No. 23.) Accordingly, the Court denied Plaintiff's procedural motions (ECF Nos. 2, 8, 10) as moot. (ECF No. 24.)

## STANDARD OF REVIEW

This Court is mindful of its obligation to liberally construe the pleadings of pro se litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim, *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990), or "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). In making this determination, this Court "must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F. 2d 721, 722-23 (4th Cir. 1989).

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). The United States Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). In *Twombly*, the Supreme Court articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true all factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) ("Although we are constrained to take the facts in the light most favorable to the plaintiff, we need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." (internal quotation marks omitted)). Second, a complaint must be dismissed if it does not allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679.

## ANALYSIS

Plaintiff's fifteen-Count Complaint seeks millions of dollars in damages in addition to a declaratory judgment labeling Twitter, its CEO, Viacom CBS, The Daily Show with Trevor Noah, and Trevor Noah, as terrorists or terrorist organizations. However, most of Plaintiff's claims (Counts 1-7, 9-11, 15) are foreclosed by the Communications Decency Act ("CDA"), 47 U.S.C. § 230, which prohibits lawsuits seeking to hold a service provider liable for its exercise of a publisher's traditional editorial functions, including whether to remove content. The remaining four claims which are not covered by the CDA, specifically his claim under the Electronic Communications Privacy Act, 18 U.S.C. § 2511 (Count 8), and his federal criminal claims under 18 U.S.C. §§ 241, 242, 245 (Counts 12-14), fail to state claims for relief and must also be dismissed.

### I. Counts 1-7, 9-11, and 15 are barred by the Communications Decency Act, 47 U.S.C. § 230(c)(1)

Under the Communications Decency Act, "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). The United States Court of Appeals for the Fourth Circuit, in one of the leading cases interpreting the Communications Decency Act, has explained that Section 230 creates "federal immunity to any cause of action that would make service providers liable for information originating with a third-party user of the service." *Zeran v. Am. Online, Inc.*, 129 F.3d 327, 330 (4th Cir. 1997). This immunity excludes only the following classes of claims: (1) criminal law; (2) intellectual property law; (3) state law; (4) communications privacy law, including the Electronic Communications Privacy Act; and (5) sex trafficking law. 47 U.S.C. § 230(e)(1)-(5).

Based on the statutory text, courts apply a three-part test when assessing claims of immunity under Section 230. This test asks: "(1) whether Defendant is a provider of an interactive computer service; (2) if the postings at issue are information provided by another information content provider; and (3) whether Plaintiff's claims seek to treat Defendant as a publisher or speaker of third party content." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 564 F.Supp.2d 544, 548 (E.D. Va. 2008), *aff'd,* 591 F.3d 250 (4th Cir. 2009).

In this case, none of these elements are in dispute. There is no question that Twitter is a provider of an interactive computer service and that the posting at issue is information, a Tweet, provided by another information content provider, namely Plaintiff Jones. *See McDonald v. LG Electronics USA, Inc.*, 219 F. Supp. 3d 533, 536 (D. Md. 2016) (no dispute that Amazon is an interactive computer service and that subject information was created on Amazon's website by a third party); *Wilson v. Twitter*, No. 3:20-cv-0054, 2020 WL 3410349, at *11 (S.D.W. Va. May 1, 2020) (finding that Twitter is an interactive computer service), *report and recommendation adopted*, No. 3:20-cv-0054, 2020 WL 3256820 (S.D.W. Va. June 16, 2020); *Brittain v. Twitter, Inc.*, No. 19-cv-0114, 2019 WL 2423375, at *2 (N.D. Cal. June 10, 2019) ("Twitter qualifies as an interactive computer service"). In addition, Plaintiff's claims clearly seek to hold Twitter liable as a publisher of third-party content, as Plaintiff's entire Complaint relates to Twitter's decision not to publish Plaintiff's content. (*See* Compl. ¶ 32, ECF No. 1; Compl. Exhibit 1, ECF No. 1-2; Compl. Exhibit 2, ECF No. 1-3.); *see Zeran*, 129 F.3d at 330 (Section 230 bars "lawsuits seeking to hold a service provider liable for its exercise of a publisher's traditional editorial functions—such as deciding whether to publish, withdraw, postpone or alter content."); *Klayman v. Zuckerberg*, 753 F.3d 1354, 1359 (D.C. Cir. 2014)

7

("[T]he very essence of publishing is making the decision whether to print or retract a given piece of content….").

Consequently, CDA immunity extends to Plaintiff's claims for: defamation by way of libel (Count 1), tortious interference with existing contract (Count 2), aiding and abetting (Count 3), conspiracy (Count 4), ratification (Count 5), retraction (Count 6), violation of Section 230(c) of the Communications Decency Act (Count 7), violation of Title II/III of the Civil Rights Act of 1964 (Count 9), violation of Title VI of the Civil Rights Act of 1964 (Count 10), violation of the Federal Trade Commission Act/Robinson-Patman Act (Count 11), and violation of the Justice Against Sponsors of Terrorism Act (Count 15). Accordingly, Counts 1-7, 9-11, and 15 are barred by the CDA and must be dismissed with prejudice.[3] Plaintiff's claims under the Electronic Communications Privacy Act (Count 8) and under several criminal statutes (Counts 12-14) are not covered by the CDA and are addressed below.

## II.   Plaintiff's claims under federal criminal statutes (Counts 12, 13, and 14) fail.

Plaintiff brings three claims (Counts 12, 13, and 14) against Twitter under three federal criminal statutes, 18 U.S.C. §§ 241, 242, and 245. This is a civil suit, and as a private citizen, Jones "lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Robbins v. Evers*, No. 20-cv-0044-PX, 2020 WL 4052858, at *2 (D. Md. July 20, 2020) (citing *Williams v. Morgan*, 2017 WL 2439144, at *1 n.1 (D. Md. 2017); *Linda R.S. v. Richard D.*, 410

---

[3] Amendment of the Complaint would be futile given Defendant's immunity under the CDA. *See Jane Doe 1 v. Backpage.com, LLC*, 817 F.3d 12, 29 (1st Cir. 2016). In addition, while Twitter argues additional bases for dismissal of these claims, including that the claims are barred by the First Amendment to the United States Constitution and that they fail to state claims for relief, the Court declines to address these arguments because Twitter is immune to these claims under the CDA. *See Mezey v. Twitter, Inc.*, Case No. 1:18-cv-21069-KMM, 2018 WL 5306769, at *1 n.1 (S.D. Fla. July 19, 2018) (declining to address alternate bases for dismissal because Plaintiff's claims were barred by the CDA).

U.S. 614, 619 (1973); *Otero v. United States Attorney General*, 832 F.2d 141 (11th Cir. 1987)). Accordingly, Plaintiff cannot assert such federal criminal claims, and Counts 12, 13, and 14 must be dismissed with prejudice. *See id.* (dismissing with prejudice civil claims under 18 U.S.C. §§ 241, 242); *Shaw v. Maryland*, No. 18-cv-782-ELH, 2019 WL 4447256, at *8 (D. Md. Sept. 16, 2019) (dismissing civil claim under 18 U.S.C. § 245 because the criminal statute "affords no private right of action").

### III. Plaintiff fails to state a claim for relief under the Electronic Communications Privacy Act (Count 8).

Plaintiff alleges that Twitter violated the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2511, by suspending Plaintiff's Twitter account and rendering his content private. (Compl. ¶¶ 66-73.) He asserts that Twitter should not be able to access any content from his account in its defense of this action. (*Id.*) Section 2520 of the ECPA provides civil liability when a plaintiff's "wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of" Section 2511. 18 U.S.C. § 2520. The statute defines "intercept" as "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." 18 U.S.C. § 2510(4).

Here, Plaintiff has failed to allege that Twitter unlawfully "intercepted" Plaintiff's tweet. Nor can he, because Plaintiff's Tweet was transmitted before his account was suspended and Twitter's current electronic storage of Plaintiff's tweet does not qualify as "interception" for the purposes of the ECPA. *See Konop v. Hawaiin Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002) (an "interception" occurs when information is "acquired during transmission, not while it is in electronic storage"); *Global Policy Partners, LLC v. Yessin*, 686 F. Supp. 2d 631, 638 (E.D. Va.

2009) ("Courts applying the ECPA have consistently held that a qualifying 'intercept' occurs only where the acquisition of the communication occurs contemporaneously with its transmission by its sender.") (collecting cases).  Accordingly, Count 8 is also dismissed with prejudice.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (ECF No. 20) is GRANTED.  Plaintiff's Complaint is DISMISSED WITH PREJUDICE in its entirety.

A separate Order follows.


Dated: October 23, 2020

                                                                          _____/s/_____
                                                                          Richard D. Bennett
                                                                          United States District Judge